IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| RSE INC. | : | NO. 14-3920 |

MEMORANDUM

Dalzell, J.                                                          October 14, 2014

## I.      Introduction

We consider here defendant RSE Inc.'s ("RSE") motion to dismiss plaintiff Scottsdale

Insurance Company's ("Scottsdale") Complaint which seeks a declaratory judgment that it does

not have a duty to defend or indemnify RSE in an underlying action in Pennsylvania state court.

RSE argues that Scottsdale has failed to join necessary parties under Fed. R. Civ. P. 19, or, in the

alternative, that we should decline to exercise jurisdiction because of the pending action in state

court. We will consider RSE's arguments in turn.

## II.     Standard of Review

To prevail on a motion to dismiss under Fed. R. Civ. P. 12(b)(7), the moving party must

show a plaintiff has failed to join a party under Fed. R. Civ. P. 19. Cummings v. Allstate Ins.

Co., 2011 WL 6779321, *2 (E.D. Pa. Dec. 27, 2011) (Kelly, J.). Rule 19(a)(1)(B)(i) provides that

> A person who is subject to service of process and whose joinder
> will not deprive the court of subject-matter jurisdiction must be
> joined as a party if…
>> (B) that person claims an interest relating to the subject of
>> the action and is so situated that disposing of the action in
>> the person's absence may:
>>> (i) as a practical matter impair or impede the
>>> person's ability to protect the interest…

Such persons are required to be joined if "feasible". Fed. R. Civ. P. 19(a). We first determine whether such parties are "necessary" under Rule 19(a), and, if they are, but joinder is not "feasible" because joining them would defeat diversity, we next ask if the parties are "indispensable" under Rule 19(b). Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). We only proceed to a Rule 19(b) analysis if we determine that joinder is compulsory under Rule 19(a). See id. at 313 (explaining that, prior to a discretionary determination under Rule 19(b) that joinder of an indispensable party is "not feasible", the court must hold that joinder is compulsory under Rule 19(a)). Under Rule 19(a)(1), the inquiry is whether complete relief may be accorded to parties named in the action in the absence of parties not named -- that is, the inquiry is limited to the effect on present parties and "what effect a decision may have on absent parties is immaterial." Id. (citing Angst v. Royal Maccabees Life Ins. Co., 77 F.3d 701, 705 (3d Cir. 1996)); see also Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 405 (3d Cir. 1993) (the effect a Rule 19(a)(1) decision may have on the absent party is not material).

In reviewing a motion under Rule 12(b)(7), we must accept as true the allegations in the complaint and draw all reasonable inferences in the non-moving party's favor. Cummings v. Allstate Ins. Co., 2012 WL 2327855, *3 (E.D. Pa. June 19, 2012) (Kelly, J.) (citing Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009), and Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 F. App'x 803, 805 (3d Cir. 2003)). When making a Rule 19 determination, we may also consider evidence outside the pleadings. See Jurimex Kommerz Transit G.m.b.H. v. Case Corp., 201 F.R.D. 337, 339 (D. Del. 2001); see also A. & M. Gregos, Inc. v. Robertory, 384 F. Supp. 187, 193 n. 16 (E.D. Pa. 1974) (citing Land v. Dollar, 330 U.S. 731, 735 n.4 (1947) for the proposition that a court may rely on affidavits and

material outside the pleadings when considering a motion to dismiss on grounds relating to the court's jurisdiction, as opposed to failure to state a claim).

Our Court of Appeals reviews a district court's decision to grant or withhold declaratory judgment for abuse of discretion and, as discussed below, recently provided an eight-factor test to guide our discretion in insurance cases between an insurer and an insured. Reifer v. Westport Ins. Corp., 751 F.3d 129, 138, 146 (3d Cir. 2014).

## III.   **Factual Background**

Plaintiff Scottsdale is an Arizona insurance company with its principal place of business in Columbus, Ohio. Complaint at ¶ 4. Scottsdale issues insurance policies in the Commonwealth of Pennsylvania. Id. Scottsdale issued defendant RSE such a policy for the period from October 1, 2013 through October 1, 2014. Id. ¶ 10-11. RSE is a Pennsylvania corporation with its principal place of business in Pottstown, Pennsylvania. Id. at ¶ 6. Scottsdale seeks a declaratory judgment pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201 to determine its rights and obligations under policy number BCS0030904 with respect to an underlying suit in the Commonwealth of Pennsylvania. Id. at ¶ 10-11.

RSE is a defendant in the case captioned FEI Company v. Refrigeration Service and Engineering, Inc., a/k/a Industrial RSE, filed December 16, 2013, in the Pennsylvania Court of Common Pleas for Dauphin County.[1] Id. at ¶ 13. RSE sought defense and indemnity from

---

[1] The Complaint explains that on October 20, 2013 RSE responded to a call about a water leak in a refrigeration unit used to cool FEI's warehouse. Complaint at ¶ 26. At the warehouse, RSE allegedly pumped hot ammonia into the refrigeration system to melt an ice blockage in a pipe leading to a drain pan. Id. at ¶ 28. When the leak persisted, FEI summoned RSE back to the warehouse on October 28, 2013, and RSE pumped in more hot ammonia. Id. at ¶¶ 29-30. FEI alleges that an RSE employee also replaced a check valve and located a pipe running from one of the units. Id. at ¶ 31. Shortly thereafter, a strong odor of ammonia permeated the warehouse, including the freezer section. Id. at ¶¶ 32-33. The ammonia leak resulted in the involvement of

Scottsdale in that underlying action, and Scottsdale has been providing a defense since

November 16, 2013, subject to a reservation of rights dated April 17, 2014. Id. at ¶ 14-16.

Scottsdale seeks a determination that it does not have an obligation to defend or indemnify RSE

in the underlying action, or in additional claims based upon the events described in the

underlying action, based on the terms, conditions, and exclusions of the policy it issued to RSE.

Id. at ¶¶ 17-18.


IV.   **Discussion**

Defendant RSE makes two arguments in support of its motion to dismiss.

First, RSE moves pursuant to Fed. R. Civ. P. 12(b)(7) to dismiss Scottsdale's action for

failure to join a party under Fed. R. Civ. P. 19.  Def. Mem. at 3. RSE contends that FEI, the

plaintiff in the underlying action, and Sysco Corporation, a third party who has tendered a claim

to RSE, must be joined pursuant to Fed. R. Civ. P. 19(a)(1)(B)(i). RSE also argues that FEI and

Sysco Corporation fall within the ambit of Rule 19 because they are injured third parties with a

financial or pecuniary interest in the outcome of this declaratory judgment action. Id. at 3-4. RSE

urges that FEI falls within Rule 19 as an additional insured under the policy at issue. Id.

Second, and in the alternative, RSE urges us to decline jurisdiction over this dispute

based on Judge Restrepo's reasoning in Employers Mut. Cas. Co. v. Burke Landscaping, Inc.,

2014 WL 981195 (E.D. Pa. Mar. 3, 2014) (Restrepo, J.). Def. Mem. at 6-7. RSE contends that

---

multiple government agencies, including the United States Department of Agriculture, which put
a hold on all meat and poultry products stored in the freezer section. Id. at ¶¶34-35. The Food
and Drug Administration allegedly notified FEI's clients that their products stored in the
warehouse should be tested or removed from commerce. Id. at ¶ 36. FEI has sued RSE for the
legal, administrative, and professional expenses, including lost client accounts and revenue. Id. at
¶ 37.

RSE also alleges that, in relation to this same leak, it has received a written claim from
Sysco Corporation, Def. Mem. at 2, and that Sygma Network, Inc. served it with a complaint
related to these events. Def. Suppl. Mem. at 2.

there "is nothing special about this coverage dispute which necessitates a separate adjudication in the federal forum." <u>Id.</u> at 7.

### A.   <u>Rule 19 and Declaratory Judgment Actions</u>

As Judge Baylson discussed at length in <u>Hartford Cas. Ins. Co. v. Cardenas</u>, 292 F.R.D. 235, 238 (E.D. Pa. 2013), there is some unsettled jurisprudence in this Circuit regarding intervention and joinder in declaratory judgment actions between insurers and their insureds. Our Court of Appeals held in <u>Liberty Mut. Ins. Co. v. Treesdale, Inc.</u>, 419 F.3d 216, 230 (3d Cir. 2005), that under Rule 19 "a party is only 'necessary' if it has a legally protected interest, and not merely a financial interest, in the action."  The Court therefore held that the attempted interveners -- third parties injured or killed by the insured's products -- were not entitled to intervene, and were also not necessary parties under Rule 19, in the insurance coverage dispute between that insured and its insurer. <u>Id.</u> at 218-219, 230.  Thus, Judge Baylson explained that, under <u>Treesdale</u>, an injured third party's financial interest in an insurance dispute would be insufficient to warrant intervention or joinder under Rule 19. <u>Cardenas</u>, 292 F.R.D. at 238. But as Judge Baylson noted, some recent cases may appear to undermine <u>Treesdale</u> as they establish that financial interests may qualify as legally protected interests for standing purposes. <u>Id.</u>; <u>see</u> <u>Am. Auto. Ins. Co. v. Murray</u>, 658 F.3d 311, 318-19 (3d Cir. 2011) (finding that an injured third party had standing to defend against the insurance company's complaint when the insurance company had named that injured third party as a defendant in the declaratory judgment action and the insured himself had defaulted). <u>Murray</u> relied heavily on <u>Fed. Kemper Ins. Co. v. Rauscher</u>, 807 F.2d 345, 353-54 (3d Cir. 1986), which held that there was an actual controversy between an injured third party and an insurance company in a declaratory judgment action, by giving the injured third party standing even after the insured defaulted.  <u>Rauscher</u> noted, in <u>dicta</u>

5

and via footnote, that the injured third parties were also indispensable parties under Rule 19. Rauscher, 807 F.2d at 354 ("Although it is not necessary to our analysis or our conclusion, we note that our decision is supported by the fact that the [injured third parties] are indispensable parties to this type of declaratory judgment action…").

Judge Baylson concluded that Treesdale directs analysis under Rule 19(a)(1)(B) for three reasons.  Cardenas, 292 F.R.D at 242. First, Treesdale speaks clearly on the nature of interests recognized by Rule 19(a)(1)(B), whereas Rauscher's comments on Rule 19 are dicta and irrelevant to the question of whether financial interests satisfy Rule 19(a)(1)(B)'s interest requirement. Id. Second, Murray's and Rauscher's holdings on interest analysis for standing should be treated as fundamentally different from the interest analysis under Rule 19(a)(1)(B). Id. And third, given the clarity of Treesdale, reading Murray as endorsing the dicta in Rauscher would unreasonably render Treesdale bad law. Id.

Judge Baylson further distinguished Rauscher and Murray from Treesdale by explaining the importance of the injured party's posture as a named defendant:

> Ultimately, nothing in Murray or Rauscher suggests that non-defendant injured parties have the same interest in insurance coverage disputes as injured parties who are named as defendants at the start of the suit. In fact, read in light of both the long-standing Supreme Court precedent regarding standing in declaratory judgment cases and the Third Circuit's Rule 19 jurisprudence, the most reasonable conclusion to draw is that the standing interest analysis for named defendants and the Rule 19(a)(1)(B) analysis are fundamentally different.

Id. at 245.

Though we may not have done justice to Judge Baylson's exacting analysis, we do agree with it and not with RSE's contentions.  RSE relies upon Brotherhood Mut. Ins. Co. v. Salem Baptist Church, 2012 WL 1526851 (E.D. Pa. Apr. 30, 2012) (Joyner, J.), which in turn relies on

Murray and Rauscher. Def. Mem. at 4. Like Judge Baylson, we do not find Murray and Rauscher
applicable to our Rule 19 analysis. Further, Salem Baptist Church is distinguishable from the
case here -- there, the injured third parties' recovery in their underlying tort actions was
contingent on insurance coverage as a bankruptcy court settlement agreement had limited their
recovery against the insured to the amount of the insurance proceeds. Id. at *4. There is no such
legal interest at stake here. Though as a practical matter the injured third parties' recovery here
may be affected by RSE's insurance coverage from Scottsdale -- or lack thereof -- that is exactly
the type of financial, not legal, interest of an unnamed party that Rule 19 does not consider.

We are also not persuaded by RSE's arguments regarding Pennsylvania state law in favor
of joinder or "the paucity of case law addressing the issue with respect to an 'additional
insured.'" Def. Mem. at 5. As Scottsdale points out, our Court of Appeals has expressly rejected
the application of the Pennsylvania state law requirement that injured third parties in underlying
tort actions must be joined to declaratory judgment actions on insurance contracts. Pl. Mem. at 6-
7; see Treesdale, 419 F.3d at 229 (explaining that the Erie doctrine does not oblige the district
court to apply Pennsylvania law as decided in Vale Chem. Co. v. Hartford Accident & Indem.
Co., 516 A.2d 684 (Pa. 1986), to the issue of intervention or joinder, since Vale Chemical was a
jurisdictional and procedural ruling relating to Pennsylvania's Declaratory Judgment Act).; see
also Nat'l Cas. Co. v. Young, 2008 WL 4414719, *2 & n.3 (E.D. Pa. Sept. 23, 2008) (Golden, J.)
(defendant's reliance on Vale Chemical misplaced because Treesdale ruled that Vale Chemical
did not announce substantive principles of law).

In addition, FEI's possible status as an additional insured under the Scottsdale policy
does not change our Rule 19 analysis. RSE candidly admits that there is no federal decision
addressing this issue, and the one case cited, Flettrich v. State Farm Fire. & Cas. Co., 2008 WL

682407, *2 (S.D. Miss. Mar. 7, 2008) (Ozerden, J.), belies the premise of RSE's argument, as the

Court gave the alleged additional insured three options of how to proceed, only one of which

included being made a party under Rule 19, and determined that justice did not require ordering

immediate joinder.  Further, the policy at issue has a severability clause. Pl. Mem. at 7-8. Thus

the policy "applies separately to each person or entity who qualifies as an insured under the

policy." Id. at 8 (emphasis omitted).  Therefore, FEI is not a required party that must be joined in

this action.

### B.      Discretionary Jurisdiction in Declaratory Judgment Actions

In the alternative, RSE urges us to decline jurisdiction citing State Auto. Ins. Cos. v.

Summy, 234 F.3d 131 (3d Cir. 2000), as discussed in Emp'rs Mut. Cas. Co. v. Burke

Landscaping, Inc., 2014 WL 981195 (E.D. Pa. Mar. 13, 2014) (Restrepo, J.), in support. Def.

Mem. at 5-6. In Summy, our Court of Appeals suggested three relevant considerations to be in

play when district courts must decide whether to hear declaratory judgment actions involving

insurance coverage issues.  These include (1) a general policy of restraint when the same issues

are pending in state court, (2) an inherent conflict of interest between an insurer's duty to defend

in a state court and its attempt to characterize that suit in federal court as falling within the scope

of a policy exclusion, and (3) avoidance of duplicative litigation. Summy, 234 F.3d at 134. The

Court in Summy elaborated that these concerns are particularly relevant when the state law

involved is close or unsettled, or where the federal court declining its discretionary jurisdiction

would avoid duplicative litigation and therefore promote judicial economy. Id. at 135.

This past April, our Court of Appeals established a new eight-factor test for declining or

exercising jurisdiction under the Declaratory Judgment Act in insurance cases. See Reifer v.

Westport Ins. Corp., 751 F.3d 129, 146 (3d Cir. 2014). The Court noted that the result in

<u>Summy</u>, though not in conflict with the new test, did turn on specific considerations pertinent to the pending state court suit.[2] <u>Id.</u> at 147.

The Court held that "the existence or non-existence of pending parallel state proceedings is but one factor for a district court to consider." <u>Id.</u> at 144 (agreeing with the Court of Appeals for the Fourth Circuit that holding otherwise would be inconsistent with longstanding beliefs that district courts should have great latitude in determining whether to grant or deny declaratory relief). The Court further clarified, as to the weight of this factor, that "the absence of pending parallel state proceedings militates significantly in favor of exercising jurisdiction, although it alone does not require such an exercise." <u>Id.</u>

The Court also took the opportunity to announce eight new factors to guide district courts' discretion, including but not limited to

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for <u>res judicata</u>; and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

<u>Id.</u> at 146.

---

[2] Even under the new test outlined in <u>Reifer</u>, our Court of Appeals puts great weight on the nature of the state law question at issue. In <u>Reifer</u>, the Court determined that the district court did not abuse its discretion in declining to exercise jurisdiction over a declaratory judgment action because the plaintiff raised issues of state law "peculiarly within the purview of the Pennsylvania court system which are better decided by that system." <u>Reifer</u>, 751 F.3d at 137.

Applying the Reifer factors the Court supplied, we find exercising jurisdiction in this case to be appropriate. Five of the eight factors weigh in favor of exercising jurisdiction, and the remaining three are neutral. We first review the factors weighing in favor of exercising jurisdiction and then consider the neutral ones.

Factors one, two, five, six, and seven weigh in favor of exercising jurisdiction. As to the first factor, declaration by this Court will resolve the uncertainty of the obligation Scottsdale has to RSE to defend and indemnify. Scottsdale's Complaint appears to turn on the definition of "pollutant" in the policy, which is precisely the type of legal determination we can make. Complaint at ¶ 42. See Paylor v. Hartford Ins. Co., 640 A.2d 1234, 1235 (Pa. 1994) (the interpretation of an insurance contract is a matter of law for the courts to decide); see also Arc Water Treatment Co. of Pa., Inc. v. Hartford Cas. Ins. Co., 2002 WL 32392683 at *2 (E.D. Pa. Mar. 27, 2002) (Green, J.).  As to the second factor, the parties are already before us, and thus convenience weighs in favor of exercising our jurisdiction. As to the fifth factor, we need not call upon exercising our general policy of restraint here since the same issues are not pending in state court.  Scottsdale's obligation to defend and indemnify RSE is not the same issue as RSE's liability to allegedly injured third parties in the underlying state action. As to the sixth factor -- keeping jurisdiction to avoid duplicative litigation -- as declining to exercise our jurisdiction here would require Scottsdale to refile this same action in state court and, as to the seventh factor, there do not appear to be concerns in this instance about races to res judicata or other procedural hijinks.

Factors three, four, and eight are neutral in our analysis of whether to exercise or decline jurisdiction. As to the third factor, the public interest in settling the uncertainty of Scottsdale's obligation weighs neither for nor against a resolution in federal court. As to the fourth factor,

Scottsdale's other remedy would be to seek a declaratory judgment action in Pennsylvania state court. Though this is an available remedy, it may not be terribly convenient.  As we have discussed above, declaratory judgment actions in Pennsylvania are governed by <u>Vale Chemical</u> and require joining additional parties. This tension between availability and convenience renders this factor neutral in our analysis.  And as to the eighth factor, though there is an inherent conflict of interest between an insurer's duty to defend in state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion, such a conflict of interest weighs neither for nor against retaining jurisdiction. This same conflict of interest exists when the insurer asserts that the suit falls within the scope of a policy exclusion in state court -- different forum, same moral hazard.

**V.**     <u>**Conclusion**</u>

Scottsdale has not failed to join a required party under Fed. R. Civ. P. 19, and we are not obliged to decline jurisdiction over its declaratory judgment action. We therefore deny RSE's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) and will retain jurisdiction. An appropriate Order follows.

BY THE COURT:

<u>/S/ STEWART DALZELL, J.</u>