IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| REFRIGERATION, SERVICE AND | : | |
| ENGINEERING, INC. | : | |
| v. | : | |
| | : | |
| GERHART, HARTMAN & RITNER, and | : | |
| MARK A. FLUHARTY | : | NO. 14-3920 |

MEMORANDUM

Dalzell, J.                                                                April 9, 2015

I.      **Introduction**

We consider here plaintiff Scottsdale Insurance Company's ("Scottsdale") motion for summary judgment. Scottsdale seeks a declaratory judgment that it has no duty to defend or indemnify defendant Refrigeration, Service and Engineering, Inc. ("RSE") in pending state court actions related to an ammonia leak at a refrigerated warehouse. RSE opposes the motion for summary judgment, arguing that we should either defer or deny summary judgment under Fed. R. Civ. P. 56(d) until the parties conduct further discovery.

We have jurisdiction pursuant to 28 U.S.C. § 1332.

II.     **Standard of Review**

Fed. R. Civ. P. 56(a) provides:

> A party may move for summary judgment, identifying each claim or defense -- or the part of each claim or defense -- on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter

of law. The court should state on the record the reasons for
granting or denying the motion.

A party moving for summary judgment bears the initial burden of informing the district court of the basis for its argument that there is no genuine issue of material fact by "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal quotations omitted).  If the moving party meets this initial burden, Fed. R. Civ. P. 56 then obliges the non-moving party to show, via submissions beyond the pleadings, that there are genuine factual issues for trial. Id. at 324.

There is a genuine issue of material fact only when there is sufficient evidence such that a reasonable juror could find for the party opposing the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (explaining further that a mere scintilla of evidence is insufficient). Material facts are those that would affect the outcome of the case under the governing law. Id. at 248. We may not make credibility determinations or weigh the evidence, and we must draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Amour v. County of Beaver, 271 F.3d 417, 420 (3d Cir. 2001).

Our function is to determine whether there is a genuine issue for trial, and we may not prevent a case from reaching a jury simply because we favor one of several reasonable views of the evidence. Abraham v. Raso, 183 F.3d 279, 287 (3d Cir. 1999) (citing Anderson, 477 U.S. at 249). However, a non-moving party cannot rely on unsupported assertions, speculation, or conclusory allegations to avoid the entry of summary judgment. Celotex, 477 U.S. at 324.

III.    **Factual Background**

During the relevant time period for this action, RSE installed and serviced industrial HVAC systems. Def. Resp. at 2. RSE used a broker -- Gerhart, Hartman & Ritner, Ltd. ("Gerhart") -- to acquire general liability insurance. Id. In October of 2013, Gerhart informed RSE that it had obtained general liability insurance on RSE's behalf through Scottsdale and that the policy provided the same coverage as a previous general liability insurance policy RSE had purchased through Gerhart from a different insurance company. Id. at 4. RSE did not receive a copy of the policy from Gerhart. Id.

Scottsdale has produced a document that it alleges to be an insurance policy issued to RSE as Policy No. BCS0030904, providing commercial general liability coverage from October 1, 2013 through October 1, 2014. Compl. Ex. A at 5 (the "Policy"). The Policy describes RSE as a commercial HVAC contractor. Id. The listed agent on the Policy is "All Risks Ltd." with an address in Wayne, Pennsylvania. Id.

The Policy has certain exclusions, including one for "Pollution." Id. at 23. The Policy defines "pollutants" as "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste." Id. at 35. In addition to that exclusion, the Policy contains an endorsement for "Total Pollution Exclusion with a Building Heating, Cooling and Dehumidifying Equipment Exception and a Hostile Fire Exception." Id. at 44 (the "TPE Endorsement"). The TPE Endorsement purports to replace the "Pollution" exclusion and instead provides that the Policy does not apply to property damage "which would not have occurred in whole or part but for the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of 'pollutants' at any time." Id.

In November of 2013, RSE serviced an HVAC system at a refrigerated warehouse owned by FEI, Inc., who is not a party in this lawsuit. Def. Mem. at 3. In December of 2013, FEI sued RSE in the Court of Common Pleas of Dauphin County, Pennsylvania, alleging that RSE's negligent servicing of its HVAC system caused ammonia to leak from that system thereby damaging perishable property stored in the warehouse. Id. at 3-4. Two companies that stored perishable goods at FEI's warehouse have also sued RSE. Id. at 4. Scottsdale has been paying for RSE's defense in those three state court actions. Id.

On June 25, 2014, Scottsdale filed this action for declaratory judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 seeking a declaration that it had no duty to defend or indemnify RSE in those three state court actions. Compl. at ¶¶ 17-18. On October 14, 2014 we denied RSE's motion to dismiss Scottsdale's complaint, and on October 27, 2014, RSE filed a third-party complaint against Gerhart and one of Gerhart's officers. Third Party Compl. at ¶¶ 1-6.

Scottsdale states that the TPE Endorsement precludes coverage under the Policy for the ammonia leak because ammonia is a pollutant and the plaintiffs in the state court actions allege that RSE employees negligently pumped hot ammonia through the HVAC system at the FEI warehouse in an attempt to melt an ice blockage. MSJ Mem. at unnumbered pages 13-14. RSE acknowledges that if the TPE Endorsement applies to the Policy, it supersedes the Pollution exclusion and eliminates whatever coverage would have been provided thereunder. Def. Mem. at 4. But RSE argues that it

> has a good faith basis to question whether the policy that Scottsdale has attached to its Complaint contains the terms of the insurance coverage that Scottsdale told Gerhart that it would provide to RSE. As a result, RSE has denied that the Scottsdale Policy attached to the Complaint accurately sets forth the insurance coverage that Scottsdale previously agreed to provide to RSE.

Def. Mem. at 5. RSE attaches two affidavits in support of its position. Def. Resp. Exs. A & B.

Robert E. Hepp III -- a shareholder, director, and officer of RSE --  avers that Gerhart advised him that it could obtain general liability insurance from Scottsdale for the 2013 insurance year and that the insurance would provide the same coverage as a prior policy it had purchased through Gerhart. Hepp Aff. at ¶¶ 7-8. Hepp therefore instructed Gerhart to obtain the general liability insurance from Scottsdale, and in October of 2013 Gerhart advised him that it had obtained coverage from Scottsdale on RSE's behalf. Id. at ¶¶ 9-10. Gerhart did not send RSE a copy of the insurance policy from Scottsdale. Id. at ¶ 11. Prior to this litigation, Hepp has never heard of the agent -- All Risks, Ltd. -- listed on the Policy and never requested it to obtain insurance on RSE's behalf. Id. at ¶ 15. Hepp avers that Gerhart never told him or RSE: (1) that the insurance policy purchased from Scottsdale was obtained through All Risks Ltd., (2) what information Gerhart provided to Scottsdale to obtain the policy, (3) what Scottsdale told Gerhart about the scope of the policy, or (4) that the policy would not cover ammonia leaks. Id. at ¶¶ 16-20. Gerhart's only statement to Hepp was that the policy from Scottsdale would provide the same coverage as a prior policy that did provide coverage for ammonia leaks. Id. at ¶¶ 2-3, 21.

RSE also attaches an affidavit from its counsel -- Richard E. Miller, Esq. -- who avers that RSE had no independent knowledge of Scottsdale's discussions with, or representation to, Gerhart or All Risks Ltd., or even what All Risks Ltd. is and for whom it acted. Miller Aff. at ¶¶ 8-9. Miller also avers that RSE needs additional time to discover the underwriting process, including communications by and among Scottsdale, All Risks Ltd., and Gerhart. Id. at ¶ 12.

## IV.    Discussion

We may only grant summary judgment where there are no disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(d) provides that a non-movant may show by affidavit or declaration that "for specified reasons, it cannot present

facts essential to justify its opposition" to a motion for summary judgment. Upon that affidavit or declaration, we may (1) defer considering the motion or deny it, (2) allow time for the parties to obtain affidavits or declarations or take discovery, or (3) issue any other appropriate order. Fed. R. Civ. P. 56(d)(1)-(3).

Our Court of Appeals has recently clarified that under Rule 56(d) a party may request an opportunity for discovery by attaching an appropriate affidavit or declaration to its response to the opposing party's motion for summary judgment and by asserting that the motion should not be granted without affording the non-movant an opportunity for discovery. Shelton v. Bledsoe, 775 F.3d 554, 568 (3d Cir. 2015). The Court also observed that district courts usually grant such requests as a matter of course, particularly when the moving party has control over the relevant facts. Id. (citing Murphy v. Millennium Radio Group LLC, 650 F.3d 295, 309-10 (3d Cir. 2011)). An affidavit requesting such discovery is adequate if it specifies "what particular information…is sought; how, if disclosed, it would preclude summary judgment; and why it has not been previously obtained." Id. (citing Dowling v. City of Phila., 855 F.2d 136, 140 (3d Cir. 1988)).

RSE seeks discovery regarding the underwriting process -- including communications among Scottsdale, Gerhart, and All Risks Ltd. -- because without such information it claims it cannot be certain whether the policy Scottsdale attached to its complaint was the bargained-for policy. RSE's theory is that if

> Scottsdale (or its agent) was advised by Gerhart (or its agent) of the nature of RSE's business and the risks it routinely encountered (including the risk of ammonia leaks), and if Scottsdale (or its agent) advised Gerhart (or its agent) that the general liability insurance it was offering to sell RSE would in fact cover such risks, then the policy attached to the Scottsdale Complaint is not the insurance that Scottsdale agreed to sell RSE.

6

Miller Affidavit at ¶ 11.

Scottsdale argues that the Miller and Hepp Affidavits are of no moment as they "do not identify any facts that are under the control of Scottsdale that are in any way relevant to the resolution of this Motion" and that RSE's grievances are properly addressed to its insurance broker, not Scottsdale. Pl. Reply at 2-3.

Scottsdale argues that it does not have to defend or indemnify RSE in the three pending state court actions because of the TPE Endorsement in the Policy. RSE disputes whether the Policy, as attached the complaint, is the policy RSE's brokers bargained-for and purchased on its behalf from Scottsdale. RSE further avers that it needs additional discovery to understand what transpired between its broker and Scottsdale to determine how, under what circumstances, and based upon what representations by which parties, it is alleged to have purchased an insurance policy that specifically excludes the very type of coverage it needs as an HVAC contractor.

RSE has articulated the information it seeks and the theory of why such disclosed information would preclude summary judgment, as well as why it has been unable to previously acquire this information. We will therefore deny summary judgment in order to permit RSE to obtain the information it seeks.

## V.      Conclusion

RSE and Scottsdale do not agree on the validity of the TPE Endorsement to the Policy Scottsdale alleges it issued to RSE through RSE's insurance broker. Scottsdale argues that the TPE Endorsement is clear, valid, and enforceable.  RSE responds that it cannot be sure that it, through its brokers, purchased the Policy with that TPE Endorsement. Given this material and disputed fact, and RSE's request for discovery under Fed. R. Civ. P. 56(d), summary judgment is

unwarranted at this time . We will therefore deny Scottsdale's motion. An appropriate Order follows.

BY THE COURT:


  /s/ Stewart Dalzell, J.
Stewart Dalzell, J.